**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**LINDA J. BENNETT**

**PLAINTIFF**

v.                              4:05CV00789-WRW

**CITY OF LITTLE ROCK
SOLID WASTE DIVISION
PUBLIC WORKS**

**DEFENDANT**

**ORDER**

Plaintiff alleges that she was subjected to unlawful discrimination on the basis of race and sex in employment conditions and promotions in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 1983, the 14th Amendment, and the Arkansas Civil Rights Act.[1] Pending is Defendant's Motion for Summary Judgment (Doc. No. 27). For the reasons set forth below, the Motion for Summary Judgment is GRANTED.[2]

**I.   Statement of Facts**

Plaintiff, an African-American female, began work with the City of Little Rock Solid Waste Division Public Works ("the City") on August 12, 1991. On August 27, 2004, Plaintiff applied for

---

[1] Ark. Code Ann. § 16-123-101 (Supp. 2001).

[2] In her Response to Summary Judgment, Plaintiff argues that she was subjected to a hostile work environment and subject to violations of 42 U.S.C. § 1981. Although not specifically pled in the Complaint, the Court finds Defendant got noticed of the hostile work environment claim. ("Plaintiff has been repeatedly sexually harassed . . . and the conduct has been allowed to continue unabated"). The § 1981 claim, however, was not pled and cannot be raised for the first time in

1

the position of Foreman I.  On September 29, 2004, Thomas Lovelady, a white male, was selected for the position.

In an EEOC charge of discrimination filed on November 17, 2004, Plaintiff alleged that she was denied the promotion based on race and sex discrimination and in retaliation for a previous complaint of sexual harassment.[3]  In May 2005, Plaintiff received a reprimand for insubordination.[4]  In response, Plaintiff filed a second EEOC charge on May 23, 2005, alleging that the reprimand was the result of retaliation for her complaints of sexual harassment.[5]

Plaintiff brought this action *pro se* on May 24, 2005.   She was appointed counsel, and a Amended Complaint was filed on November 11, 2005.

## II.     Standard of review

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[6]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[7]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

---

[3]Doc.  No. 48-2.

[4]No documentation evidencing the reprimand been provided; however, Plaintiff references it in her deposition. *See* Doc. No. 40-3, p. 71-72.

[5]Doc. No. 30, Ex. 5.

[6]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[7]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[8] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[9] This court must view the facts in the light most favorable to the party opposing the motion.[10] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[11]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[12]

### III. Analysis

Plaintiff asserts that she suffered race and sex discrimination and retaliation in violation of Title VII, § 1983 and ACRA. The burdens of proof for claims brought under Title VII and § 1983

---

[8] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[9] *Id.* at 728.

[10] *Id.* at 727-28.

[11] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (*quoting City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[12] *Anderson*, 477 U.S. at 248.

are identical.[13] Likewise, claims under ACRA receive the same analysis as Title VII claims.[14] Therefore, this Order will consider the Title VII claims as including the § 1983 and ACRA claims.

**A.    EEOC**

In her deposition testimony, Plaintiff states three incidents of sexual harassment occurred during her tenure with the City, each with different individuals.  She alleges an isolated incident occurred in 1999, a second in "2000, or before,"[15] and a third incident in 2000.[16]  After each incident, Plaintiff complained to her supervisors and the harassment stopped.[17]  On November 8, 2000, Plaintiff sent a letter to her union complaining of the sexual harassment.[18]  After receiving notification from Plaintiff's union, the City's Human Resources Department investigated the matter and, in a letter issued December 11, 2000, determined the allegations could not be substantiated.[19]  Plaintiff did not file a sexual harassment grievance with the EEOC.[20]

---

[13] *See Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999); *see also Chambers v. Wynne Sch. Dist.*, 909 F.2d 1214, 1216 (8th Cir. 1990).

[14] Ark. Code Ann. § 16-123-105 (Supp. 2001).

[15] Doc. No. 30, Ex. 24, p. 67.

[16] *Id*.

[17] Doc. No. 30, Ex. 24, p. 66-74.

[18] Doc. No. 30, Ex. 2.

[19] Doc. No. 30, Ex. 3.

[20] Doc. No. 40-3, p.1.

Under Title VII, an EEOC charge must be filed within 180 days of the alleged discriminatory conduct.[21] Although Plaintiff alleges that the sexual harassment "continued unabated,"[22] she fails to note any incident after complaining to the City in the fall of 2000. Accordingly, Plaintiff's allegations of sexual harassment are time barred as a matter of law and DISMISSED.

**B.     Failure to Promote**

Plaintiff next argues that she was denied the promotion to Foreman I in September 2004 based on her race and sex, and because she had previously complained of sexual harassment. Plaintiff first applied for the Foreman I position on August 17, 2004. After not receiving the position on September 24, 2005, Plaintiff did not apply for any other position with Defendant. The Supreme Court has explicitly held that failure to promote is a discrete act requiring a timely charge of discrimination.[23] Plaintiff timely filed her EEOC claim on November 17, 2004.

To establish a *prima facie* case of discrimination in a failure-to-promote case, Plaintiff must show (1) she is a member of a protected group; (2) she was qualified and applied for a promotion to an available position; (3) she was rejected; and (4) a similarly situated employee, not part of the protected group, was promoted instead.[24]

Once Plaintiff has established a *prima facie* case of discrimination, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for the employee's not

---

[21]*See* 42 U.S.C. § 2000e-5(e)(1) (180-day limit under Title VII); *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 796 n. 3 (8th Cir. 1998) (180-day filing limit in Arkansas).

[22]Doc. No. 20.

[23]*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Tandeme v. Saint Cloud State Univ.*, 328 F.3d 982, 987 (8th Cir. 2003) (rejecting continuing violation theory to failure to promote).

[24]*Younts v. Fremont County, Iowa*, 370 F.3d 748, 755 (8th Cir. 2004).

promoting the employee.[25] If the employer satisfies its burden of production, the employee must show that the proffered reason is pretextual.[26] However, at all times, the ultimate burden of persuasion remains with the employee.[27]

Assuming that Plaintiff has met her *prima facie* burden, her allegations fail because Defendant has offered a legitimate non-discriminatory reason for not promoting her to the Foreman I position. Thomas Lovelady, white male hired for the Foreman I position, started with the City on January 17, 1984, where he was employed in the Foreman I position from 1988 until 1995 when his position eliminated and he accepted a lower position of Sanitation Equipment Operator III.[28] He remained on with Defendant until 1999 when his job was eliminated due to downsizing.[29] Before he began working for Defendant, Mr. Lovelady owned and operated his own refuse collection business, R-L Solid Waste Company, from 1977 to 1980. In sum, Defendant had ten years of supervisor experience with seven of those years in the position of Foreman I when he again applied for the open Foreman I position. Based his extensive prior experience with the same position and with management, Defendant opted to hire Mr. Lovelady.

There has been no evidence presented that would show that Defendant's reasons for hiring Mr. Thomas are pre-textual. Defendant's Motion for Summary Judgment on Plaintiff's failure to promote claim is GRANTED.

---

[25]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[26]*Id*.

[27]*Rothmeier v. Investment Advisers, Inc*., 85 F.3d 1328, 1332 (8th Cir. 1996).

[28]Doc. No. 29.

[29]Doc. No. 27.

**C.     Retaliation**

In her final argument, Plaintiff claims that Defendant and its employees retaliated against her for complaining of sexual harassment to superiors.  Title VII prohibits employers from retaliating against employees who file charges of discrimination or who assist others in opposing discrimination.[30]

To establish a *prima facie* case of retaliation, a plaintiff must show that she engaged in statutorily protected activity, that the defendant took adverse action against her, and a connection between the two.[31]  The defendant may then rebut the plaintiff's case by advancing a legitimate, non-retaliatory reason for the adverse employment action.[32]  "If the defendant makes this showing, the plaintiff must show that the defendant's proffered reason was a pretext for illegal retaliation."[33]

Defendant admits that Plaintiff engaged in a statutorily protected activity in the fall of 2000; however, too much time elapsed to between Plaintiff's complaints of sexual harassment and her receiving a reprimand on April 4, 2005.  The two events are too remote in time to infer a causal link.[34]  There is no evidence creating a genuine dispute on Plaintiff's retaliation claims, so they are DISMISSED.

---

[30] 42 U.S.C. § 2000e-3(a).

[31] *Montandon v. Farmland Industries, Inc.*, 116 F.3d 355 (8th Cir. 1997).

[32] *Shanklin v. Fitzgerald*, 379 F.3d 596, 603-604 (8th Cir. 2005).

[33] *Id.*

[34] *See Sowell v. Alumina Ceramics, Inc.*, 251 F.3d 678, 685 (8th Cir. 2001) ( "[T]he seven-month time lapse between the protected activity and the alleged retaliatory act is, without more, too long for the incidents to be temporally-and therefore causally-related."); *see also Gagnon v. Sprint Corp.*, 284 F.3d 839, 851-52 (8th Cir. 2002) (noting that a one-month lapse between the protected activity and the retaliatory act is insufficient to support a causal link alone).

Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED this 18th day of July, 2006.

                                                  /s/Wm. R. Wilson, Jr.
                                      UNITED STATES DISTRICT JUDGE